UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUSSELL AUGUILLARD (#347039)  CIVIL ACTION

VERSUS

DOCTOR PAUL TOCE, ET AL.  NO. 14-0394-JJB-RLB

O R D E R

This matter comes before the Court on the plaintiff's Motion for Preliminary Injunction (Rec. Doc. 6).

The *pro se* plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Dr. Paul Toce, Ass't Warden Stephanie Lamartiniere, and unidentified LSP correctional officers, complaining that the defendants have violated his constitutional rights through deliberate indifference to his serious medical needs. Specifically, the plaintiff complains that in November, 2013, he was seen by defendant Dr. Toce, but the defendant would not refer the plaintiff for an appointment with a specialist to address the plaintiff's continuing complaints of back pain. Although Dr. Toce allegedly advised the plaintiff at that time that additional pain medication would be prescribed, the plaintiff complains that this was never done. The plaintiff further complains that his attempts at obtaining redress through the prison grievance process have been unsuccessful.

In the instant motion, the plaintiff seeks an Order enjoining the defendants and other prison personnel "from retaliation against plaintiff for filing this 1983 suit, inadequate medical treatment, guard harassment, continuing violation of my 8 Amendment right, violating all my other rights, and threats by defendants."

In order to obtain injunctive relief, the plaintiff must demonstrate "(1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable harm if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest." *Lake Charles Diesel, Inc. v. General Motors Corp.*, 328 F.3d 192, 196 (5th Cir. 2003). "[A] preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried the burden of persuasion' on all four requirements." *Id.* at 196.

On the record before the Court, it does not appear that the plaintiff is entitled to the relief requested. His allegations are conclusory, and he has not alleged with any degree of specificity that the defendants named in this proceeding have retaliated against him, are failing to provide him with adequate medical treatment, or are otherwise violating his constitutional rights. Although he complains generally of inadequate medical treatment in this proceeding, he does not allege that he has sustained any significant injury or aggravation of his condition as a result of the defendants' actions or that he has faced a serious threat of harm from any defendant since the filing of this lawsuit. Accordingly, the plaintiff has failed to establish in the first instance that there is a substantial threat that he will suffer irreparable harm if injunctive relief is not granted. Having failed to establish this essential component of a claim for injunctive relief, the plaintiff has failed to show that such relief is warranted in this case. Accordingly, the instant motion shall be denied.

**IT IS ORDERED** that the plaintiff's Motion for Preliminary Injunction (Rec. Doc. 6) be and it is hereby **DENIED**.

Baton Rouge, Louisiana, this _____ day of August, 2014.

**JAMES J. BRADY**
**UNITED STATES DISTRICT JUDGE**